IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:04-CR-302-BO
No. 5:06-CV-236-BO

| | |
|---|---|
| CARSON KING, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | ORDER |

This case is before the Court on Petitioner's Motion to Stay Proceedings, Motion to Appoint Counsel, and Motion to Vacate, Set Aside, or Correct, as well as Respondent's Motion to Dismiss or, Alternatively, for Summary Judgment. For the reasons set forth below, the Motion to Stay, the Motion to Appoint Counsel, and the Motion to Vacate, Set Aside, or Correct are each DENIED.[1] The Motion to Dismiss or, Alternatively, for Summary Judgment, is GRANTED.

## BACKGROUND

Petitioner pled guilty to possession of a firearm by a felon, and was sentenced to 180 months' imprisonment. In an agreement with the Government, Petitioner gave up all rights to appeal his sentence, saving only the right to appeal an upward departure in guideline sentencing. He further waived all rights to challenge his conviction and sentence in a post-conviction proceeding, reserving only the right to pursue claims of ineffective assistance of counsel or prosecutorial misconduct not known to him at the time of the plea. On June 14, 2006, Petitioner

---

[1] The Court has reviewed the record and the pleadings, and determined that an evidentiary hearing is unnecessary.

timely filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. At the Court's direction, the Government responded on September 29, 2006. Petitioner thereafter moved for additional time to oppose the Government's response, and for the appointment of counsel. The Court granted him until December 26, 2006 to submit any additional briefing. Petitioner filed no further papers, but instead filed a request to stay proceedings on December 26, 2006.

## DISCUSSION

### I. Motion to Stay Proceedings

Petitioner first moves the Court to stay resolution of his § 2255 Motion until he is well enough to proceed. Petitioner says he suffers from severe panic attacks, and that he requires a drug called Klonopin in order to remain stable. According to Petitioner, prison officials have deliberately withheld this necessary medication, and the consequent effects on his mental health altogether preclude him from litigating his case.

Petitioner timely filed his initial § 2255 Motion, and further sought and received an extension of time to reply to the Government's response. Petitioner has also attached no documentation to support his claim that prison personnel maliciously prevented him from receiving essential medicine. The documents appended to Petitioner's Motion to Stay in fact indicate that his psychiatrist declined to continue his prescription for Klonopin. The Motion to Stay Proceedings will be DENIED.

### II. Motion to Appoint Counsel

Petitioner has also asked the Court to appoint him a lawyer for purposes of his § 2255 litigation, arguing that he lacks money of his own and that monthly contributions from his family

are inadequate to hire a lawyer. There is no general right to appointed habeas counsel. *Pennsylvania v. Farley*, 481 U.S. 551, 555 (1990). However, counsel may be appointed in a § 2255 proceeding if the Court "determines that the interests of justice so require." 18 U.S.C. § 3006(a)(2). Petitioner claims that the interests of justice require the Court to appoint him a lawyer because he has no money with which to retain one. That alone does not demonstrate that the interests of justice require appointment of a lawyer. Petitioner's Motion to Appoint Counsel is accordingly DENIED.

### III. Motion to Vacate, Set Aide or Correct

Petitioner lastly argues that his sentence was imposed unlawfully, and asks that it be overturned pursuant to 28 U.S.C. § 2255. The § 2255 Motion advances three reasons why the sentence should be vacated: (1) Petitioner's lawyer was ineffective, because she did not appeal his designation as an armed career criminal, gave him faulty advice regarding his plea, and failed to present his defense; (2) the Presentence Investigation Report contained false allegations which informed Petitioner's classification as an armed career criminal; and (3) the Court erred in classifying Petitioner as an armed career criminal. As discussed below, the Court rejects each of these claims.

Petitioner's primary claim is that his lawyer, Sherri Alspaugh ("Alspaugh") of the Federal Public Defender's Office, was constitutionally ineffective. Petitioner says Alspaugh first erred by failing to confer with him about his right to appeal his classification as an armed career criminal. Ordinarily, counsel is expected to confer with a defendant about the prospect of an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 1037 (2000). However, counsel does not have a constitutional duty to discuss an appeal in each case. *Id.* at 1036 (explaining that it would be

3

reasonable for counsel not to discuss possible appeal when defendant knowingly pleads guilty in anticipation of a certain sentence; court sentences defendant as expected and explains appeal rights to him; defendant does not express interest in appealing; and counsel concludes that there are no nonfrivolous grounds for appeal). An attorney must consult with a defendant regarding an appeal in either of two situations: when there is reason to believe that a rational defendant would want to appeal; or when a particular defendant has reasonably demonstrated that he is interested in appealing. *Id.*

In this case, Petitioner had reserved only the right to appeal an upward departure from the calculated guideline sentencing range. Because Petitioner received a guideline sentence, his plea agreement therefore foreclosed an appeal. A rational defendant would not choose to pursue a case which the Court of Appeals would automatically dismiss in light of the plea waiver. *See United States v. Blick*, 408 F.3d 162, 168 n.4 (4th Cir. 2005) (listing cases enforcing appeal waivers). Moreover, there is no indication whatsoever, and Petitioner does not claim, that he ever voiced his interest in an appeal to Alspaugh. In other words, even if Petitioner's primary factual allegation is taken as true, Alspaugh's conduct would not entitle Petitioner to relief – Alspaugh had no absolute duty to ask him if he wished to file a frivolous appeal.[2]

Plaintiff's factual allegations undercut his arguments that Alspaugh provided faulty

---

[2] In any case, it appears that Alspaugh in fact advised Petitioner of his right to appeal. Alspaugh's affidavit asserts that she conferred with Petitioner about his limited appellate rights both before and after sentencing; that his case presented no grounds for an appeal; that she discussed the overwhelming likelihood that the Court of Appeals would dismiss any appeal in view of his plea agreement; that Petitioner understood their discussions, and expressly declined to file an appeal; and finally that Petitioner did not contact her afterwards. At the same time, Petitioner has come forth with no separate evidence (other than the allegation in his § 2255) to support his claim that Alspaugh did not advise him about the prospect of an appeal.

4

advice to him regarding his plea, and failed to prepare a defense. In his § 2255, Petitioner denies pawning any firearm, and insists that his nephew gave the weapon to his fiancee, who ultimately pawned it. Petitioner states further that he told Alspaugh as much, but that she declined to interview family members who could corroborate his version of events. According to Petitioner, Alspaugh instead explained that, even on Petitioner's version of the facts, his knowledge of his fiancee's pawning the firearm would place him joint possession of the firearm. Moreover, Petitioner says that Alspaugh's private investigator had spoken with the Government's principal witnesses – the owner of the pawn shop and his employee – and that both men struck the investigator as credible. Considering the case against him, Alspaugh advised Petitioner to plead guilty, with a mind towards providing the Government with information which might lead to more lenient sentencing recommendations. Petitioner says he relied on Alspaugh's advice, but that the now finds it "not to be true." (Attach. To Pet.'s Mot. at 2).[3]

Petitioner offers no reason why Alspaugh's performance was deficient. If anything, Petitioner's § 2255 on its face demonstrates that Alspaugh explored avenues for his defense. When none were forthcoming, and the evidence against him appeared quite strong, Alspaugh advised Petitioner to plead guilty. Accepting Petitioner's claims as true, Alspaugh's performance during the investigation and sentencing phases cannot fairly be characterized as objectively unreasonable. *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984). Petitioner's ineffective

---

[3] Petitioner's claim is directly contradicted by his colloquy with the Court during his plea hearing, in which he acknowledged pawning the gun himself. (Tr. at 4) ("I bought a firearm. It was a Remington 270. I pawned it at a pawn shop. . . . I could have sold the gun anywhere. So I took it to the pawn shop and asked for a hundred dollars for the gun."). Alspaugh's affidavit similarly asserts that, his initial denials notwithstanding, Petitioner eventually admitted pawning the gun along with his fiancee. (Aff. at 2).

5

assistance of counsel claim must therefore be rejected.[4]

Petitioner's remaining claims – that the Presentence Report was flawed, and that the Court improperly classified him as an armed career criminal – are foreclosed by his plea agreement. As discussed above, the agreement forfeited all rights to mount a collateral attack, except for one based upon ineffective assistance of counsel or prosecutorial misconduct. The plea agreement therefore precludes any challenge to Petitioner's Presentence Report and sentencing determinations.

## CONCLUSION

The Motion to Stay, the Motion to Appoint Counsel, and the Motion to Vacate, Set Aside, or Correct are each DENIED. The Motion to Dismiss or, Alternatively, for Summary Judgment, is GRANTED.

SO ORDERED.

This 25 day of June, 2007.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[4] Alspaugh's affidavit illustrates the strength of the case which confronted Petitioner. According to Alspaugh, the pawn shop owner described Petitioner as a "familiar customer." (Aff at 2.). And consistent with Petitioner's account of the facts, Alspaugh says the investigator found both the pawn shop owner and his employee to be believable. *Id.* Most importantly, Petitioner's name, rather than his fiancee's, was also signed to the forms which accompanied the pawning of the gun in question. *Id.*

6